UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenkins & Clayman
412 White Horse Pike
Audubon, NJ 08106
856-546-9696

By: Eric J Clayman, Esq

Order Filed on April 16, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

    Joseph J. Guy,

    Debtor

Case No.: 17-20702

Hearing Date: March 24, 2020

Chapter: 13

Judge: Andrew B. Altenburg, Jr.

**AMENDED ORDER AUTHORIZING
SALE OF REAL PROPERTY**

**Recommended Local Form:**    ☒ Followed    ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**

**DATED: April 16, 2020**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as ___16 Holly Glen Drive, Pitman, New Jersey 08071___ (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| **Name of Professional**: | Val F. Nunnenkamp of Keller Williams Realty |
| Amount to be paid: | 6%, to be shared with the selling broker |
| Services Rendered: | Realtor |

| | |
|---|---|
| **Name of Professional**: | Jenkins & Clayman |
| Amount to be paid: | $1,000.00 to be held by title company in trust pending further Order of this Court. |
| Services Rendered: | Bankruptcy services related to the sale of real estate. |

**OR**: ☒ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. Debtor hereby claims $16,975 exempt under 11 U.S.C. § 522(d)(1). Any remaining proceeds

are non-exempt and should be forwarded to the Chapter 13 Trustee as an additional base to unsecured creditors who filed timely claims.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒  The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Debtor shall file Amended Schedules C and J within 14 days of the date of this Order.